DECISION.
Defendant-appellant Joseph Brooks appeals from the judgment of the trial court, entered August 8, 2000, adjudicating him a sexual predator following a sexual-offender-classification hearing pursuant to R.C.2950.09(C). In his single assignment of error, Brooks contends that the sexual-predator adjudication was contrary to the manifest weight of the evidence. Because there is clear and convincing evidence in the record to support the trial court's findings and judgment, we overrule the assignment of error.
Almost fifteen years after Brooks entered a guilty plea to sexual battery, gross sexual imposition, and two counts of attempted rape, he was brought before the trial court for a sexual-offender-classification hearing. At the time, he was serving a sentence of concurrent indefinite and definite prison terms aggregating not less than five nor more than fifteen years.
At the hearing, Brooks was present with counsel. The prosecutor recited the undisputed facts surrounding the offenses. The trial court considered the grand-jury testimony that Brooks had engaged in sexual conduct and sexual contact with his two natural children and his three stepchildren. They ranged in ages from three to thirteen years. Included in the testimony was a pattern of repeated sexual conduct over a nine-year period with his oldest stepson. The trial court also considered evidence of Brooks's two prior convictions for domestic violence, two misdemeanor theft convictions, and a conviction for falsification, as well as the statement and certificates, offered by Brooks's counsel, confirming that, during his imprisonment, he had completed the Monticello Program for Sexual Offenders, a self-esteem and social-skills program, an assertiveness-training program, Narcotics Anonymous, a Twelve Steps Group, and a stress-management workshop. There was apparently no presentence investigation or victim-impact statement.
A "sexual predator" is defined as a "person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C.2950.01(E). With respect to the determination of whether an individual is a sexual predator, R.C. 2950.09(B)(2) states that the trial court "shall consider all relevant factors, including, but not limited to, all of the following:"
The offender's age;
The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
The age of the victim of the sexually oriented offense for which sentence is to be imposed;
Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
Any mental illness or mental disability of the offender;
The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
Any additional behavioral characteristics that contribute to the offender's conduct.
At a sexual-offender-classification hearing, the state must prove by clear and convincing evidence that the offender meets the definition of a sexual predator. "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." Cross v.Ledford (1954), 161 Ohio St. 469, 477, 120 N.E.2d 118, 123.
It is undisputed that Brooks had been convicted of sexually-oriented offenses, although they had taken place more than fifteen years earlier. In assessing the evidence with respect to the R.C. 2950.09(B)(2) factors to determine if Brooks was likely to engage in the future in one or more sexually-oriented offenses, the trial court specifically took into account the following: (1) Brooks was thirty years of age at the time of the offenses; (2) the ages of all victims were under thirteen years; (3) there were multiple victims; (4) Brooks's interaction with the victims in a sexual context was part of a demonstrated pattern of abuse; and (5) Brooks had a criminal record. The trial court then concluded with this finding: "I'm strongly of the belief that when you're a pedophile — and based on all the evidence I have, I think it's clear he is — it's very hard to cure you * * *."
As there was clear and convincing evidence to support the trial court's finding that Brooks was a pedophile, his reliance on our opinion in Statev. Pryor (Mar. 10, 2000), Hamilton App. No. C-990497, unreported, is clearly misplaced. The supreme court observed in State v. Eppinger
(2001), 91 Ohio St.3d 158, 162, 743 N.E.2d 881, 885, "An offender who preys on children, for example, may fit the pedophile profile, a class of sex offenders known for their especially high rate of recidivism. There may be sufficient evidence in the transcripts, victim impact statements, presentence investigation reports, prior history of arrests and convictions, age, etc., presented at the sexual offender classification hearing with respect to the R.C. 2950.09(B)(2) factors as they relate to the likelihood of reoffending."
The record demonstrates that the trial court in Brooks's sexual-offender-classification hearing faithfully observed the three essential objectives in the model created in State v. Eppinger,91 Ohio St.3d at 166, 743 N.E.2d at 888-889. It created an adequate record for review. Furthermore, even though neither party requested an expert, there were adequate other criteria to assist the trial court in predicting the future behavior of Brooks. Finally, the trial court considered the statutory factors listed in R.C. 2950.09(B)(2) and discussed on the record the particular evidence and factors upon which it relied in adjudicating Brooks a sexual predator. Brooks's argument of error is, accordingly, not well taken.
The judgment of the trial court is affirmed.
 ____________________________ Gorman, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.